(666 P.2d 735)
No. 54,568

GWENDOLYN ANDERSON and SHERRY HILL, *Appellants,* v. UNITED CAB COMPANY, INC., *Appellee.*

Opinion filed July 21, 1983.

*Richard W. Niederhauser,* of Kansas City, for the appellant.

*John H. Fields,* of Carson, Fields, Boal, Jeserich and Asner, of Kansas City, for the appellee.

Before SWINEHART, P.J., ABBOTT and PARKS, JJ.

PARKS, J.: This personal injury action was dismissed for failure of the plaintiffs Gwendolyn Anderson and Sherry Hill to state a claim against defendant United Cab Company, Inc., within the statute of limitations. Plaintiffs appeal.

The plaintiffs were in a vehicle that collided with a vehicle owned by the defendant on or about November 24, 1976. An action for damages was filed in the district court of Wyandotte County on November 24, 1978. Defendant acknowledged service on November 27, although it was identified in the petition as "United Cab Co., a Kansas corporation" with instructions to serve the resident agent, James Newman, 1502 North 5th Street, Kansas City, Kansas. Defendant filed its answer on December 8 claiming that plaintiffs failed to give it notice of their claim within the two years prescribed by K.S.A. 60-513.

On December 21, plaintiffs moved the trial court for an order amending the case caption by adding the abbreviation "Inc." to "United Cab Co.". By agreed order, the motion was approved by the court. Discovery followed and on January 22, 1982, defendant served plaintiffs with its "Suggestions in Support of First Defense," which was heard informally and without a record in the court chambers on February 1. The trial court rendered its decision by letter on February 10 and held that although defendant had notice of a possible claim involving one of its cabs, it

never received notice of the institution of the action within the statute of limitations. Counsel for the defendant was directed to prepare a proper journal entry reflecting the court's ruling. The journal entry of dismissal was filed April 29, 1982, and the notice of appeal was filed May 28.

Defendant contends that plaintiffs failed to timely file their notice of appeal and therefore the court is without jurisdiction to hear this matter. K.S.A. 60-2103(*a*) provides that an appeal must be filed within 30 days of the entry of judgment and this requirement is a jurisdictional one. *Giles v. Russell,* 222 Kan. 629, 632, 567 P.2d 845 (1977). K.S.A. 60-258 states that judgment is effectively entered when a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court. Defendant argues that the February 10 letter of the trial judge announcing his decision in conjunction with the notation "Judg Form" on the trial docket sheet constituted an effective entry of judgment. We disagree.

The letter from the judge was not styled as a judgment form and it contained a direction to defendant's counsel to prepare a proper journal entry. The notation on the trial court's docket was not identifiable as a direction of the court but, in any event, it was ineffective to start the running of the appeal time because K.S.A. 60-258 requires the clerk of the court to serve a copy of the judgment form on all attorneys of record within three days. Here no notice was received by the parties other than the letter. We conclude that the entry of judgment did not take place until the journal entry of dismissal was filed on April 29. Since plaintiffs' notice of appeal was filed within 30 days of that date, the appeal was timely.

The second issue raised on appeal involves the interpretation of K.S.A. 60-215(*c*) and whether the trial court erred in dismissing plaintiffs' action. The statute reads as follows:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he would not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the*

*proper party, the action would have been brought against him."* K.S.A. 60-215(c). [Emphasis supplied.]

In *Marr v. Geiger Ready-Mix Co.,* 209 Kan. 40, 44-46, 495 P.2d 1399 (1972), the court held that since K.S.A. 60-215(c) is identical to Fed. R. Civ. Proc. 15(c), and was enacted with full knowledge of the purposes behind that rule, federal decisions are authoritative in construing our statute. The court also recognized that an amendment to correct a misnomer or misdescription of a defendant was intended to be controlled by the change of a party provision in K.S.A. 60-215(c). Therefore, the plaintiffs' addition of the "Inc." to defendant's name was properly regarded by the district court as a change of party.

Plaintiffs' original petition was filed within the statute of limitations but service was not made on the misnamed defendant until three days after the statute of limitations expired. Ordinarily service made within 90 days of the filing of the petition will relate back to that date. K.S.A. 60-203. (This statute was amended effective July 1, 1983, but the change does not alter the general rule defining the commencement of an action. L. 1983, ch. 193, § 1.) Thus, if the defendant had been correctly named in the first place, plaintiffs' action would have been properly commenced within the statute of limitations. However, since plaintiffs misnamed the defendant by failing to include "Inc." in its name, the amendment correcting the error relates back only if the following conditions are met: (1) the claim still arises out of the same transaction or occurrence; and (2) within the period provided by law for commencing the action against him, the newly named party (a) received sufficient notice of the institution of the action so that he would not be prejudiced; and (b) knew or should have known he was the correct defendant in the action.

At issue here is whether defendant received the requisite notice "within the period provided by law for commencing the action." In *Ingram v. Kumar,* 585 F.2d 566, 570-72 (2nd Cir. 1978), the court considered the meaning of this phrase and found that, although on its face it seems to indicate the applicable statute of limitations period, such a literal interpretation is unjustified in jurisdictions where timely service of process can be effected (K.S.A. 60-203) after the statute of limitations has run. Moreover, the *Ingram* court held as follows:

"In those jurisdictions, even an accurately named defendant may not receive actual notice of the action against him prior to the running of the statute of

limitations. Yet there is no doubt that the action against him is timely commenced. There is no reason why a misnamed defendant is entitled to earlier notice than he would have received had the complaint named him correctly." *Ingram,* 585 F.2d at 571.

Thus, if the action would have been timely had the complaint correctly named the defendant, the minor misnaming of defendant should not alter the result. Accord *Kirk v. Cronvich,* 629 F.2d 404, 408 (5th Cir. 1980); *Hunt v. Broce Const., Inc.,* 674 F.2d 834 (10th Cir. 1982).

Authorities reaching a conclusion different from *Ingram* appear to fall into two categories. First, there are those cases which involve federal question jurisdiction and thus, apply federal law in which there is no specific period of time statutorily designated as a grace period for service in the manner of K.S.A. 60-203. See, *e.g., Craig v. United States,* 413 F.2d 854, 857 (9th Cir. 1969); *Archuleta v. Duffy's Inc.,* 471 F.2d 33 (10th Cir. 1973); and *Stewart v. United States,* 655 F.2d 741, 742 (7th Cir. 1981). However, both the Fifth (*Kirk*) and Tenth (*Hunt*) Circuits have subsequently permitted the relation back of a party change in diversity jurisdiction cases, even though the correct party was not served until after the statute of limitations expired. A second class of cases found mostly in the Seventh Circuit, have diverged from *Ingram* by treating misnomer cases differently than change of party cases. See, *e.g., Simmons v. Fenton,* 480 F.2d 133, 136-37 (7th Cir. 1973); *Wood v. Worachek,* 618 F.2d 1225, 1229 (7th Cir. 1980). As was noted earlier, the Kansas Supreme Court has already held that misnomer cases are regarded in this jurisdiction in the same manner as actual changes of a party. *Marr,* 209 Kan. at 46.

The principal reason for construing the "period provided by law for commencing the action" to be that period specified by the statute of limitations, is to preserve the defense of limitations for the actual defendant. However, the rule of K.S.A. 60-203 already effectively permits a 90-day extension of the period of time in which a defendant must be given notice of the suit. In addition, the equitable considerations built into K.S.A. 60-215(*c*) protect a completely unaware defendant from prejudice.

In the present case the defendant had actual knowledge of the lawsuit and that it was the correct defendant to the case three days after the statute of limitations expired. Additionally, service was made on the proper individual for receipt of summons, the

resident agent. Furthermore, the error in the name was a slight one since defendant's status as a corporation was identified although the corporate designation "Inc." was not used. This is certainly an appropriate case for invoking the general principle of K.S.A. 60-215(*a*) that "leave [to amend] shall be freely given when justice so requires."

We hold that when, as here, an amendment is sought to change the name of a defendant, the phrase "period provided by law for commencing the action," as used in K.S.A. 60-215(*c*), includes both the time set out in the applicable statute of limitations and the 90-day period allowed for effective service of process to relate back to the date of the petition. Therefore, the failure of the trial court to allow the amendment to relate back to this case was error.

Judgment reversed.