(66 P.3d 925)
No. 89,177

STACY E. HINDS, *Appellant*, v. THE ESTATE OF GENEVA HUSTON, *Appellee*.

Opinion filed April 18, 2003.

*Edward E. Moore, William E. Niffen, II*, and *Allan Coon*, of Norton, Hubbard, Ruzicka & Kreamer, LC, of Olathe, for appellant.

*Jason J. Fletes* and *Mark Beam-Ward*, of Hill, Beam-Ward & Kruse, LLC, of Overland Park, for appellee.

Before GREEN, P.J., JOHNSON, J., and BRAZIL, S.J.

GREEN, J.: In this personal injury action, the defendant, the estate of Geneva Huston (estate), maintained that the action was barred by the applicable 2-year statute of limitations. The trial court agreed and granted the estate's motion to dismiss. On appeal, the plaintiff, Stacy E. Hinds, contends that his amended petition to correctly name the defendant was "within the period provided by law for commencing the action against" the defendant, so that his amended petition did relate back and therefore the statute of limitations did not bar the action. We agree and reverse.

On May 19, 2000, Hinds sued Geneva Huston for personal injury due to a car accident. The petition alleged that Huston negligently drove her car into the back of Hinds' car on May 20, 1998. Under K.S.A. 60-203(a), Hinds was required to obtain service of process on Huston within 90 days after the petition was filed, giving Hinds until August 17, 2000, to accomplish process.

On August 17, 2000, Hinds filed an amended petition, asserting that Huston had died on June 3, 1998. The amended petition

named the estate as the defendant and furnished the address where the administrator of the estate could be served. This amended petition was served the same day.

The estate moved to dismiss Hinds' petition because Hinds did not obtain service on the estate until August 17, 2000, which was outside the 2-year statute of limitations under K.S.A. 2002 Supp. 60-513. In support of its motion, the estate presented evidence that Hinds was aware of Huston's death as early as August 26, 1998. The estate argued that Hinds knew that Huston was not the proper party to be named as the defendant. As a result, the estate argued that Hinds was precluded from maintaining that he made a "mistake" concerning the identity of the proper party. The trial court, however, determined that the amended petition related back to the filing of the original petition and denied the estate's motion to dismiss.

The estate later moved the trial court to reconsider the estate's previous motion to dismiss. Citing the recent decision of *Moore v. Luther*, 29 Kan. App. 2d 1004, 35 P.3d 277 (2001), the estate argued that because Huston was deceased when the lawsuit was filed, the trial court lacked jurisdiction to proceed, and Hinds' suit should be dismissed.

On the other hand, Hinds argued that *Moore* was inapplicable to the present case because *Moore* involved the substitution of a party under K.S.A. 60-225(a)(1) while this case involved the amendment of a petition under K.S.A. 2002 Supp. 60-215. Hinds further contended that an amendment under 60-215 was allowed as a matter of course before a responsive pleading was filed.

The trial court determined that under *Moore*, Hinds' original petition was a nullity. The trial court further determined that because Hinds did not amend the petition before the statute of limitations had run, it had no choice but to dismiss Hinds' action.

Resolution of this case involves interpretation of K.S.A. 2002 Supp. 60-215. Interpretation of a statute is a question of law. This court has unlimited review of the trial court's decision. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000). The same standard applies to the application of a statute of limitations. *Brown v. State*, 261 Kan. 6, 8, 927 P.2d 938 (1996).

The trial court relied solely on *Moore* in dismissing Hinds' lawsuit. In *Moore*, the plaintiffs sued Glen Luther for injuries arising from a car accident 5 days before the statute of limitations had expired. A few months later, an attorney who purported to be representing Luther revealed that Luther had died well before plaintiffs' suit was filed. The plaintiffs moved to substitute a representative of Luther's estate under K.S.A. 60-225.

The *Moore* court determined that K.S.A. 60-225, which permits substitution of the parties when a party dies after a lawsuit is instituted, could not be used to substitute a party when the original party had died before the lawsuit was instituted. The court further stated: "We find that if a named defendant is dead at the time of the filing of the cause of action, the trial court is without jurisdiction to proceed and the action must be dismissed without prejudice." 29 Kan. App. 2d at 1010.

Hinds argues that the holding in *Moore* should be limited to the application of K.S.A. 60-225 regarding the substitution of parties. We agree. The operation of K.S.A. 60-225 is distinguishable from the operation of K.S.A. 2002 Supp. 60-215. K.S.A.60-225(a)(1) would seem to contemplate the later death of a legally existent party to an action before substitution is permitted. In *Moore*, no substitution of parties was allowed because no legal defendant existed when the lawsuit was filed.

On the other hand, K.S.A. 2002 Supp. 60-215 governs the amendment of pleadings to add or substitute parties who should have been joined originally, either as necessary or indispensable parties, or permits the replacement of a party in or against whom the cause of action really lies. Clearly, 60-215 allows a new party to be added by amendment. The question to be answered is whether a new party may be added under 60-215 after the applicable statute of limitations has run.

Hinds argues that the plain language of 60-215 allows his amendment to relate back to the time the original petition was filed. K.S.A. 2002 Supp. 60-215 states:

"(a) *Amendments.* A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed

upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

. . . .

"(c) *Relation back of amendments.* An amendment of a pleading relates back to the date of the original pleading when:

(1) The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

(2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, within the period provided by law for commencing the action against the party including the period for service of process under K.S.A. 60-203 and amendments thereto, the party to be brought in by amendment: (A) Has received such notice of the institution of the action that the party would not be prejudiced in maintaining a defense on the merits; and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

Hinds contends that under K.S.A. 2002 Supp. 60-215(a) he had the right to file an amended pleading as a matter of course without court permission because no responsive pleading had yet been filed.

The estate argues, however, that because it did not receive notice of the action until it was served in August 2000, several months after the statute of limitations had run, the action should be barred. Some courts have determined that the notice of commencement of the action must be received on or before the last day of the period of the applicable statute of limitations. See *Martz v. Miller Bros. Co.,* 244 F. Supp. 246 (D.C. Del. 1965). Nevertheless, we determine that the notice requirement is satisfied if a defendant learns of the commencement of the action within the time the defendant could have learned of the action had the action been properly filed against him or her. See *Ingram v. Kumar,* 585 F.2d 566, 570-71 (1978) *cert. denied* 440 U.S. 940 (1979). In a properly commenced action, a defendant may not learn of the start of the action until long after the statute of limitations has expired.

Under K.S.A. 60-203, an action is considered timely commenced if filed on the last day of the period of the applicable statute of

limitations even if the defendant is not served until 90 days later. The trial court may even grant an additional 30 days in which to effect service of process for good cause shown. If service of process within 90 or 120 days after the statute of limitations has run satisfies the timely bringing of an action under the period of an applicable statute of limitations, we determine that notice of commencement of the action during that period is sufficient to allow an amendment adding a new party to relate back, if the other requirements of 60-215(c) are met. In *Anderson v. United Cab Co.,* 8 Kan. App. 2d 694, 695, 666 P.2d 735, *rev. denied* 234 Kan. 1076 (1983), the court construed the 60-215(c) language "within the period provided by law for commencing the action against [the party]" to include the statutory period of the applicable statute of limitations and the 90-day period for service of process.

Here, because the estate received notice of the action within the time period provided in K.S.A. 60-203, we determine that notice requirement under K.S.A. 2002 Supp. 60-215(c) was satisfied.

Next, the estate argues that Hinds failed to satisfy another requirement of K.S.A. 2002 Supp. 60-215(c). The estate cites *Martindale v. Tenny,* 250 Kan. 621, 829 P.2d 561 (1992), as support for its contention that Hinds did not mistakenly sue Huston. Nevertheless, *Martindale* is distinguishable. There, the plaintiff originally sued Dr. Tenny's professional corporation, and later attempted to sue Dr. Tenny personally, after the statute of limitations had run. Our Supreme Court held that the circumstances indicated that the plaintiff had intentionally omitted Dr. Tenny as a party, rather than been mistaken in his identity. Thus, 60-215(c) did not apply.

On the other hand, in this case, Hinds' suit against Huston had to be a mistake. It would have served no purpose to sue someone who had died. As a result, we determine that but for this mistake, an administrator would have been appointed and the estate sued. We presume that the trial court made the same determination when it denied the estate's initial motion to dismiss.

"A litigant must object to inadequate findings of fact and conclusions of law in order to give the trial court an opportunity to correct them. In the absence of an objection, omissions in findings will not be considered on appeal. Where there

has been no such objection, the trial court is presumed to have found all facts necessary to support the judgment." *Galindo v. City of Coffeyville*, 256 Kan. 455, 467, 885 P.2d 1246 (1994).

Further, the amended petition imposed no hardship upon the estate. No new cause of action would have been presented by allowing the amended petition. As a result, we determine that because the amended petition satisfied the requirements of 60-215(c), it related back to the time of the original petition.

Reversed.