Sandra R. MOORE and Richard L. Moore, Jr., Plaintiffs,

v.

Virginia M. LUTHER, n/k/a Hillman, as Executor of the Estate of Glen E. LUTHER, Deceased; State Farm Mutual Automobile Insurance Co.; and Bradley S. Russell, Defendants.

No. 02–4108–RDR.

United States District Court, D. Kansas.

Sept. 8, 2003.

Elizabeth R. Herbert, Pedro L. Irigonegaray, Robert V. Eye, Irigonegaray & Associates, Topeka, KS, for Plaintiffs.

Dana M. Harris, Harris, Jason P. Roth, McCausland & Schmitt, P.C., Kansas City, MO, Craig W. West, Michael J. Norton, Foulston Siefkin LLP, Wichita, KS, for Defendants.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an action for damages arising from an automobile accident based on diversity jurisdiction. Plaintiffs assert claims of negligence, fraud and intentional infliction of emotional distress or outrage. Plaintiff Sandra R. Moore was injured in

an accident involving a vehicle driven by Glen E. Luther. Luther was insured by State Farm Mutual Automobile Insurance Company. Plaintiffs are Mrs. Moore; her husband, Richard L. Moore, Sr.; and the Moore's insurer, Cincinnati Insurance Company.[1] Defendants are Virginia Luther, as executor of the estate of Glen E. Luther; and State Farm Mutual Insurance Company. This matter is presently before the court upon the following motions: defendant State Farm's motion to dismiss (Doc. # 17); defendant State Farm's motion to dismiss amended complaint (Doc. # 40); and defendant Luther's motion to dismiss (Doc. # 36). Having carefully reviewed the very complicated factual background and the legal arguments of the parties, the court is now prepared to rule.

In reviewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court examines the sufficiency of the complaint rather than the merits of the lawsuit. *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1237 (10th Cir.1999). "[T]he issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence that supports the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A motion to dismiss will be granted only if the court finds that the plaintiff can put forth no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). On a motion to dismiss, the court draws all inferences and resolves all ambiguities in the plaintiff's favor and assumes that all well pleaded facts are true. *Sutton*, 173 F.3d at 1237.

On March 31, 1997, Mr. Luther was involved in an accident with Mrs. Moore. Mrs. Moore submitted a claim to State Farm, Mr. Luther's insurer, for property damage and personal injuries. The claims were denied on the grounds that comparative fault barred any recovery. Plaintiffs were advised of that decision as early as April 11, 1997.

Mrs. Moore hired attorney Irving Shaw to represent her. He filed a lawsuit on behalf of Mr. and Mrs. Moore against Mr. Luther on March 26, 1999 in the District Court of Lyon County, Kansas. This filing was made five days before the statute of limitations ran. Plaintiffs attempted to serve Mr. Luther, who was an Iowa resident, by certified mail, addressed to the residence he had provided at the time of the accident. The return receipt for the summons and petition indicated someone at that address signed for the documents on April 8, 1999, but the signature is not legible. State Farm retained Bradley Russell to defend the lawsuit on behalf of its insured.

Mr. Luther died on September 5, 1997. No one on behalf of State Farm communicated that information to plaintiffs. One week later, Mrs. Luther was appointed executor of his estate in Iowa. The estate was closed on January 30, 1998.

Despite knowing of Mr. Luther's death, Russell entered an appearance and filed an answer in the state court case on behalf of Luther in May 1999. The answer contained various affirmative defenses including lack of subject matter and personal jurisdiction, lack of capacity to be sued, and insufficient process. Plaintiffs neglected to investigate the basis for the affirmative defenses. Russell served discovery documents on plaintiffs ostensibly propounded by the deceased defendant. On July 23, 1999 Russell filed a suggestion

---

1. Cincinnati Insurance asserts claims for amounts paid to the Moores as a result of Mr. Luther's alleged negligence, amounts expended for attorney's fees to protect its subrogation rights, and punitive damages.

of death. Three days later he filed a motion to dismiss the case.

Plaintiffs attempted to substitute Mrs. Luther as the defendant, as executor of the estate. This motion was denied because the estate was closed. Russell incorrectly informed the trial court that the only proper party would be a special administrator appointed by an Iowa court and cited *Kent v. Chase*, 1 Kan.App.2d 251, 563 P.2d 1103 (1977) as support. The trial court and the plaintiffs were unaware that the 1980 amendments to K.S.A. 59–805 overturned Kent and permitted an administrator to be appointed in Kansas for an out-of-state decedent. The trial court, in light of Kent, withheld ruling on the motion to dismiss to give plaintiffs an opportunity to reopen the estate. Plaintiffs did petition in Iowa to reopen the estate, which was opposed by Mrs. Luther. After several months, Russell renewed the motion to dismiss, and the trial court dismissed plaintiffs' action with prejudice, finding the plaintiffs' claims barred by the two-year statute of limitations. Plaintiffs moved to alter or amend alleging, inter alia, Russell's misconduct in filing an answer for a dead defendant. At the hearing on the motion, plaintiffs added the argument that the defense's concealment of Luther's whereabouts tolled the statute of limitations pursuant to K.S.A. 60–517. The trial court found K.S.A. 60–517 inapplicable because there was no evidence that defendant was out of state when the cause of action arose or that defendant absconded or concealed himself. The trial court found that Russell had not engaged in misconduct. The trial court then denied the motion to alter or amend.

The Kansas Court of Appeals affirmed in part and reversed in part on November 30, 2001. *Moore v. Luther*, 29 Kan.App.2d 1004, 35 P.3d 277 (2001). The Court reversed the trial court's ruling that plaintiffs' claims were barred by the statute of limitations. *Id.*, 35 P.3d at 279. The Court found that the trial court lacked jurisdiction because plaintiffs had named a defendant who was dead at the time of filing. *Id.* The Court further found that substitution of a special administrator or other personal representative under K.S.A. 60–225(a)(1) was inapplicable where the defendant died prior to the commencement of the action. *Id.* at 280–81. The Court determined that the trial court had properly dismissed plaintiffs' case and properly denied the motion to alter or amend. *Id.* at 281. The Court, however, remanded the case with instructions to dismiss without prejudice for lack of jurisdiction. *Id.* The Court, in dicta, implied that the two-year statute of limitations may be tolled because of Russell's failure to inform plaintiffs that Mr. Luther was deceased. *Id.* The Court cited *Yoh v. Hoffman*, 29 Kan. App.2d 312, 27 P.3d 927 (2001) with approval. *Id.*

Upon remand, the trial court dismissed the case on January 9, 2002. The Iowa estate was reopened, and Mrs. Luther was appointed executor as of June 28, 2002. The Moores filed this case on July 3, 2002.

**STATE FARM'S MOTIONS TO DISMISS**

In its motions to dismiss, State Farm contends that (1) plaintiffs' fraud and outrage claims are barred by the two-year statute of limitations; and (2) plaintiffs suffered no injury as a result of its alleged fraud.

Plaintiffs' fraud claim against State Farm is based upon Russell "filing an answer on behalf of a nonexistent defendant." Plaintiffs' outrage claim against State Farm is based upon "the totality of its conduct in the investigation and denial of plaintiffs' claim."

Concerning the fraud claim, State Farm contends that the plaintiffs were aware of the alleged fraud on July 23, 1999, when

the suggestion of death was filed. Thus, State Farm argues that the fraud claim must be dismissed because plaintiffs did not assert it until well after the applicable two-year statute of limitations had expired. With regard to the outrage claim, State Farm asserts that the last date of misconduct concerning its investigation and denial of plaintiffs' claim stated in the complaint is November 12, 1997. Thus, State Farm argues that this claim must also be dismissed because it was also not asserted until after the applicable one-year statute of limitations had expired.

Plaintiffs have argued various alternative theories in support of their contention that their fraud claim was timely filed. First, they contend that they did not have a cause of action against State Farm until the decision of Yoh v. Hoffman in June 2000. Second, they assert any cause of action against State Farm did not accrue until the state court action was dismissed on July 19, 2000 or until the Kansas Court of Appeals reached its decision on November 30, 2001. Third, they argue that the application of equitable tolling is appropriate here.

The response of the plaintiffs concerning State Farm's arguments on the outrage claim is curious. They suggest that, "despite the language of the complaint," they never intended to limit their outrage claim to the "investigation and denial" of their personal injury claim. They assert that they "intended to incorporate in that claim all of defendant's actions in defense of the claim, including defendant Russell's fraudulent conduct and State Farm's ratification thereof." Thus, they suggest that they filed this claim within two years of July 19, 2000, the date they suffered great emotional distress when the state trial court denied their motion to alter or amend. They further argue that their outrage claim is timely because the actions of Russell and State Farm continued until August 17, 2001, when Russell appeared in oral argument in the Kansas Court of Appeals on the appeal of the dismissal of the state court case.

■ The court shall first turn to plaintiffs' fraud claim. An action for fraud in Kansas has a two-year statute of limitations. K.S.A. 60–513(a)(3). Such a cause of action accrues when the fraud is discovered. *Id.*; *Wolf v. Brungardt,* 215 Kan. 272, 524 P.2d 726, 733 (1974).

■ The alleged fraud in this case arises from the actions of Russell, State Farm's agent, in concealing the death of Luther. The court believes that this cause of action accrued no later than July 26, 1999, three days after the filing of the suggestion of death by Russell.[2] It was at this point that plaintiffs were certainly aware of the alleged fraud committed by Russell. The court finds no merit to any of the arguments offered by the plaintiffs, even though the court admits they show some creativity. Accordingly, the court finds plaintiffs' fraud claim against State Farm is barred by the statute of limitations since this action was not filed until July 3, 2002. With this decision, the court need not consider State Farm's second argument.

■ The court believes that plaintiffs' outrage claim is also barred by the applicable statute of limitations. In Kansas, claims of intentional infliction of emotional distress or outrage have a one-year statute of limitations. *Curts v. Dillard's, Inc.,* 30 Kan.App.2d 814, 48 P.3d 681, 682–83 (2002). The law on the accrual of outrage claims in Kansas is limited. The discus-

---

**2.** The record fails to indicate the date when the plaintiffs received the suggestion of death. The court has added the three days allowed for mailing to the filing date to arrive at the accrual date.

sion of this issue by the parties has also been limited. Plaintiffs, relying on *Harris v. Board of Public Utilities of City of Kansas City, Kan.*, 757 F.Supp. 1185 (D.Kan.1991), suggest that the court should apply a continuing violation doctrine. State Farm has not proposed an accrual rule, but has argued that the rule suggested by plaintiffs is not appropriate.

In 1987, in an unpublished decision, this court rejected the discovery rule of K.S.A. 60–513(b) as the accrual rule for outrage claims in Kansas. *Manning v. Blue Cross and Blue Shield of Kansas, Inc.*, 1987 WL 18821 at * 2 (D.Kan.1987). In doing so, the court relied upon a Third Circuit Court of Appeals case, *Bruffett v. Warner Communications, Inc.*, 692 F.2d 910, 914–15 (3rd Cir.1982). *Id.* The court essentially determined that plaintiff's outrage claim arose on the date when the injury was incurred and the emotional impact was felt. *Id.* This particular rule appears to be followed by a majority of the courts. *Biro v. Hartman Funeral Home*, 107 Ohio App.3d 508, 514, 669 N.E.2d 65 (1995); *Cantu v. Resolution Trust Corp.*, 4 Cal. App.4th 857, 889, 6 Cal.Rptr.2d 151 (1992); *Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1292 (9th Cir. 1987).

■ Plaintiffs make clear in their response to the defendant's motion that "the loss of [their] personal injury action when the lower court denied their Motion to Alter or Amend on July 19, 2000, produced great emotional distress for plaintiffs." Thus, they concede that their outrage claim accrued no later than July 19, 2000. Although the court believes that the appropriate accrual date is actually earlier than July 19, 2000, we must conclude that plaintiffs' outrage claim is barred even with the application of the date suggested by the plaintiffs. Accordingly, the court shall dismiss plaintiffs' outrage claim as barred by the statute of limitations.

## LUTHER ESTATE'S MOTION TO DISMISS

In her motion to dismiss, Mrs. Luther contends that plaintiffs' negligence claim is barred by the statute of limitations. Mrs. Luther contends that the two-year statute of limitations expired either five days or ninety-five days if you add the period allowed for service of process under Kansas law from the following dates: (1) July 23, 1999, the date that Russell filed the suggestion of death in state court; (2) September 9, 1999, the date plaintiffs contend that they first discovered the need to re-open Mr. Luther's estate; or (3) January 9, 2002, the date the state court dismissed plaintiffs' claim without prejudice. All of these arguments are based on the theory that the statute of limitations was tolled for some period due to the actions of Russell. Regardless of which of the aforementioned dates is chosen, Mrs. Luther argues that the statute of limitations has run because this action was not filed until July 3, 2002.

Plaintiffs agree with Mrs. Luther that the two-year statute of limitations set forth in K.S.A. 60–513(a)(4) applies to their negligence claim. Plaintiffs respond, however, that the statute of limitations was tolled under K.S.A. 60–517 because Mrs. Luther concealed her "identity and whereabouts" from them. They rely upon the following theories of "concealment": (1) Mrs. Luther failed to give plaintiffs notice of her husband's estate as required by Iowa law; (2) Mrs. Luther is liable for the actions of her liability insurer's attempts to conceal Mr. Luther's death; and (3) Mrs. Luther's attorney's attempts to conceal Mr. Luther's death are attributable to her. Plaintiffs argue that the period of concealment began on September 5, 1997, the date of Mr. Luther's death, and ended on July 23, 1999, the date that Russell filed a suggestion of death in the state court case.

Plaintiffs contend the statute of limitations had not run when this action was filed because the period of concealment, 686 days (the time from September 5, 1997 to July 21, 1999), must be added to the two-year statute of limitations period.

The court shall turn to consideration of K.S.A. 60–517. This statute provides as follows:

If when a cause of action accrues against a person he or she be out of the state, or has absconded or concealed himself or herself, the period limited for the commencement of the action shall not begin to run until such person comes into the state, or while he or she is so absconded or concealed, and if after the cause of action accrues he or she depart from the state, or abscond or conceal himself or herself, the time of the absence or concealment shall not be computed as any part of the period within which the action must be brought. This section shall not apply to extend the period of limitation as to any defendant whose whereabouts are known and upon whom service of summons can be effected under the provisions of article 3 of this chapter.

■ The issue before the court is whether the Luthers concealed themselves from suit by plaintiffs. The burden of proof on the issue of concealment rests with the plaintiffs. *Johnson v. Miller*, 8 Kan.App.2d 288, 655 P.2d 475, 478 (1982). "The mere inability of a plaintiff to locate a defendant where there has been no attempt by defendant to conceal himself is not sufficient to establish concealment within the meaning of the tolling statute." Id. at 477. The word "conceal" means some action by the defendant, i.e., he used an assumed name, changed his occupation, or acted in a manner which tended to prevent the community in which he lives from knowing who he is or from where he came. *Id.* at 478.

■ The court is not persuaded that the actions noted above by plaintiffs constitute concealment by Mr. Luther or his wife under K.S.A. 60–517. The court finds no Kansas cases that support the plaintiffs' arguments based upon K.S.A. 60–517.

Plaintiffs have originally suggested that Mrs. Luther's failure to notify them of the estate as required by Iowa law constitutes concealment under K.S.A. 60–517. We disagree. This is not the sort of action or inaction that suggests concealment under K.S.A. 60–517 as interpreted by the Kansas courts.

Plaintiffs next argue that the actions of the Luthers' insurer and her attorney in the state court case constitute concealment under K.S.A. 60–517. Based upon dicta contained in Yoh, the court agrees that the actions of State Farm and Russell tolled the statute of limitations, but we do not believe that the tolling began until at least the state court action was filed. As noted previously, the court is not persuaded that Mrs. Luther's failure to notify the plaintiffs of the opening of the estate suggests concealment under K.S.A. 60–517. Moreover, plaintiffs have admitted that there is no evidence that Mrs. Luther was even aware that plaintiffs had submitted a claim to the Luthers' insurer. Finally, plaintiffs' claim with the Luthers' insurer had been denied on April 11, 1997. We are unaware of any duty by the insurer to report Mr. Luther's death some five months later. With that said, we turn to the application of Yoh.

In Yoh, the Kansas Court of Appeals considered facts with many similarities to the instant case. Yoh was injured in an automobile accident with a driver named Teske. Teske died several months later. Neither Teske's widow nor Teske's insurer informed Yoh of this event. Approximately one month prior to the running of the limitations, plaintiff filed suit. The answer

was filed five days prior to the running of the statute of limitations. The answer filed by Teske's attorney was similar to the one filed in this case. It was filed on behalf of Teske, and it contained several affirmative defenses, including insufficient service of process and service of process, lack of personal jurisdiction, and lack of capacity. The answer, however, failed to mention the death of Teske. Yoh and his counsel remained unaware of Teske's death until informed during a pretrial conference by Teske's counsel. Yoh then sought to amend the petition to name the administrator of Teske's estate as the defendant. The estate sought summary judgment, contending that the statute of limitations had expired before the administrator was served. The district court denied the motion, finding that the action was timely filed under K.S.A. 60–203(b) and K.S.A. 60–215(c). On appeal, the Kansas Court of Appeals disagreed with the district court's application of K.S.A. 60–203(b). *Yoh,* 27 P.3d at 930. The Court, however, agreed that K.S.A. 60–215(c) saved plaintiff's claim. *Id.* The Court found that the amended petition related back to the original filing. *Id.* at 931. The Court did continue in dicta to make some comments that are applicable here. The Court determined that the actions of defense counsel constituted fraud and tolled the statute of limitations. *Id.* The Court found the circumstances of the case analogous to the concealment aspects of K.S.A. 60–517. *Id.*

The Court of Appeals in Yoh made clear that tolling was appropriate because of the fraud perpetrated by the insurer and the attorney. The court did not rely upon K.S.A. 60–517, but suggested that tolling was applicable because the circumstances of the case were analogous to the concealment aspects of K.S.A. 60–517.

This court also does not believe that K.S.A. 60–517 has direct application here. Rather, the court believes that the fraud of State Farm and Russell commands tolling of the statute of limitations for some period. The determination of this period would require some considerable analysis and discussion because both the beginning date and ending date of the tolling period are open to question. The beginning date might be (1) the date the state lawsuit was filed, March 26, 1999; (2) the date the defendant was served, April 8, 1999; or (3) the date that the answer was filed, May 1999. We believe that the appropriate date is probably the date the answer was filed. This is the date that a duty existed for counsel for Mr. Luther to inform the court or the plaintiffs of Mr. Luther's death. Nevertheless, for the sake of discussion, we are willing to give the plaintiffs the benefit of the doubt and set the beginning date as the date the state case was filed.

The ending date also presents some problems. The date may be (1) the date that Russell informed plaintiffs of the death with the suggestion of death, July 23, 1999; (2) the date that plaintiffs claim they first discovered they needed to reopen the Luther estate, September 9, 1999; or (3) the date that the state court was ultimately dismissed after remand from the Kansas Court of Appeals, January 9, 2002. Again, the court believes that the earlier date is probably the appropriate date. But, again for the sake of argument, the court shall give plaintiffs the benefit of the doubt and use the ultimate dismissal date as the ending date.

■ Before we address the application of the savings statute, K.S.A. 60–518, we must consider another argument made by plaintiffs. Plaintiffs contend that the tolling period, whatever that period amounts to, must be added to the period of the statute of limitations. Plaintiffs suggest, without the citation to any authority, that

**1202**

the tolling period increases the length of the statute of limitations. The court finds that plaintiffs are correct in a sense. During the period of tolling, the statute of limitations ceases to run. See *White v. Vinzant*, 13 Kan.App.2d 467, 773 P.2d 1169, 1174 (1989). However, once the tolling ends, then the statute of limitations begins to run again. *Id.* The court finds no support in Kansas law for the position taken by the plaintiffs that the period of tolling is added to the statute of limitations. The argument would have had some importance if the court had agreed with plaintiffs that the tolling period had begun on September 5, 1997, the date of Mr. Luther's death. Having rejected that argument, we find no support for the plaintiffs' position.

Accordingly, absent application of the savings statute, the statute of limitations on plaintiffs' claims against the Luther estate expired on January 14, 2002. The savings statute provides as follows:

If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure.

■ To benefit from K.S.A. 60–518, a plaintiff must establish that he (1) commenced his first action within due time; (2) failed in his first action otherwise than upon the merits, with failure coming after the relevant statute expired; and (3) commenced his new action within six months of the failure. *Taylor v. Casey*, 182 F.Supp.2d 1096, 1102 (D.Kan.2002). Mrs. Luther, relying on *Dunn v. City of Emporia*, 7 Kan.App.2d 445, 643 P.2d 1137 (1982), contends that the savings statute does not apply because the first action was not commenced within due time.

The issue of the commencement of an action in Kansas is not entirely clear. In general, an action is commenced in Kansas upon the filing of the petition provided service of process is obtained within ninety days. K.S.A. 60–203(a); see *Newell v. Brollier*, 239 Kan. 587, 588–89, 722 P.2d 528 (1986) (looked to K.S.A. 60–203 in deciding if original action was "commenced within due time" under K.S.A. 60–518). If service of process is later adjudicated to be invalid due to any irregularity in form or procedure, the action shall be deemed commenced at the time of the original filing if valid service is made within ninety days after that adjudication. K.S.A. 60–203(b).

■ The issue of when an action is commenced when it is improperly brought against a dead person presents another issue. In the appellate decision that led to this case, the Kansas Court of Appeals, after examining cases from other jurisdictions, suggested that an action brought against a dead person is a nullity. *Moore*, 35 P.3d at 280 ("[A]n action filed against a decedent is void at its inception and is incapable of being amended by a substitution of parties."). Thus, such an action would never be considered "commenced" within the meaning of K.S.A. 60–518. However, in *Hinds v. Estate of Huston*, 31 Kan.App.2d 478, 66 P.3d 925 (2003), the Court of Appeals appeared to reject that view of *Moore*. In *Hinds*, plaintiff once again filed an action against a decedent. Prior to attempting service, plaintiff learned that the defendant had died and filed an amended petition, naming the estate as the defendant. The estate moved to dismiss, arguing that it had been served after the statute of limitations had expired. The trial court initially denied the defendant's motion, determining that the amended petition related back to the filing of the original petition under K.S.A. 60–

215. Upon reconsideration, the trial court granted the motion. The trial court, after reviewing Moore, determined that the original petition was a nullity and therefore the amended petition could not relate back. The Court of Appeals disagreed. 66 P.3d at 928. The Court found that Moore should be limited to the application of K.S.A. 60–225. *Id.* The Court found that the substitution provisions of K.S.A. 60–225 were distinguishable from the relation back provisions of K.S.A. 60–215. *Id.* Accordingly, the court reversed and allowed the plaintiff's lawsuit to continue as timely filed. *Id.* at 929. Although there may be some incongruity between these cases, we are confident that Moore must be confined to its facts concerning the application of K.S.A. 60–225. Accordingly, we believe that the general law on commencement must be applied here.

In Dunn, plaintiff brought a personal injury claim against the City of Emporia. The case was filed on the last day of the statute of limitations. Plaintiff incorrectly served the city attorney. The case was eventually dismissed for lack of prosecution. Plaintiff filed another action. This time plaintiff correctly served the city clerk. The City moved to dismiss, arguing that the saving statute did not save plaintiff's cause of action because the first action was not properly commenced. The Kansas Court of Appeals agreed, concluding that the case was not "commenced within due time" as required by K.S.A. 60–518 because it was never "commenced" at all. Kansas law provided that a civil action is commenced by filing a petition with the clerk of the court and then completing service within ninety days. Since service was never accomplished in the first action, the action was never commenced as defined by Kansas law, and K.S.A. 60–518 did not cure the filing of the second action outside the applicable period of limitations.

Plaintiffs do not mention Dunn, much less seek to distinguish it. Rather, they point out the unfairness in dismissing this action based upon the statute of limitations. They suggest that the fraudulent actions of State Farm and Russell mandate the application of equitable estoppel to the argument made by Mrs. Luther.

The court believes that Dunn mandates dismissal of plaintiffs' claims against the Luther estate. The lesson of Dunn appears equally applicable here. In the appeal of plaintiffs' state court case, the Kansas Court of Appeals determined that the district court lacked subject matter jurisdiction because a proper defendant had not been identified. *Moore*, 35 P.3d at 281. The Court noted that "if a named defendant is dead at the time of filing of the cause of action, the trial court is without jurisdiction to proceed." Id. Accordingly, the first action was never commenced, and K.S.A. 60 518 cannot cure the filing of the second action outside the statute of limitations.

Plaintiffs' request for the application of equitable estoppel has some appeal. There is little question that the actions of State Farm and Russell, at least when viewed in the light most favorable to the plaintiffs, were fraudulent. The court has some concern about relieving the Luthers or State Farm from liability based upon the statute of limitations. Nevertheless, the court believes that the law requires it.

 In Kansas, the application of an equitable doctrine rests within the sound discretion of the trial court. *Bankers Trust Co. v. United States of America*, 29 Kan.App.2d 215, 218, 25 P.3d 877 (2001). "The doctrine of equitable estoppel has been frequently used to prevent a defendant from relying on the statute of limitations as a defense where the defendant's fraudulent or wrongful conduct has caused the plaintiff not to file suit within

**1204**

the period of the statute of limitations." *Robinson v. Shah,* 23 Kan.App.2d 812, 832, 936 P.2d 784 (1997).

 In considering the application of the equitable estoppel doctrine, we have previously noted that the fraud of Russell and State Farm did have some impact on the timely filing of an action against the Luther estate. We must, however, also consider the plaintiffs' lack of diligence. Plaintiffs had numerous opportunities to learn of the death of Mr. Luther and then act expeditiously after knowledge of this fact. Plaintiffs could have done any of the following that might have led to the timely filing of this lawsuit: (1) file the state court case farther in advance of the expiration of the statute of limitations; (2) investigate the whereabouts of Mr. Luther prior to filing the state court case; (3) seek to amend their state court petition to sue the Luther estate after Russell filed the suggestion of death; (4) research the Kansas law on estates to learn the state of the law on the appointment of special administrators; and (5) file a new action within five days of the dismissal of the state court action and serve the defendants within ninety days. Given the inaction by plaintiffs, we are not persuaded that equitable estoppel should be applied. Accordingly, the court finds that the defendant's motion to dismiss must be granted. Plaintiffs' claim against the Luther estate is barred by the applicable statute of limitations.

**IT IS THEREFORE ORDERED** that defendant State Farm Mutual Automobile Insurance Company's motions to dismiss (Doc. ## 17 and 40) be hereby granted. The Moores' claims against State Farm are hereby dismissed because they are barred by the applicable statutes of limitations. With the dismissal of the Moores' claims, the court shall also dismiss the claims of Cincinnati Insurance Company against State Farm as moot.

**IT IS THEREFORE ORDERED** that defendant Virginia M. Luther's motion to dismiss (Doc. # 36) be hereby granted. The Moores' claim against Mrs. Luther is hereby dismissed because it is barred by the statute of limitations. With the dismissal of the Moores' claim, the court shall also dismiss the claims of Cincinnati Insurance Company against Mrs. Luther as moot.

**IT IS SO ORDERED.**