(27 P.3d 927)

No. 85,815

DONNA YOH, *Appellee*, v. JASON HOFFMAN, SPECIAL ADMINISTRATOR FOR THE ESTATE OF FRANK TESKE, *Appellant*.

Opinion filed June 15, 2001.

*Craig C. Blumreich,* of Gehrt & Roberts, Chartered, of Topeka, for appellant.

*Fred Spigarelli* and *Timothy A. Short,* of Spigarelli, McLane & Short, of Pittsburg, for appellee.

Before PIERRON, P.J., GREEN and BEIER, JJ.

BEIER, J.: Jason Hoffman, Special Administrator for the Estate of Frank Teske, appeals the district court's denial of his motion for summary judgment in Donna Yoh's personal injury action. The district judge rejected the Teske estate's statute of limitations defense. We affirm.

A brief review of the facts is necessary to an understanding of our decision.

Plaintiff Yoh was injured in a May 23, 1996, car accident. Teske was the driver of the other car and was insured by Allied Mutual

Insurance Company (Allied). Allied began corresponding with Yoh. Several months later, Teske died. Neither Teske's widow nor Allied informed Yoh of this fact.

On April 22, 1998, plaintiff filed this personal injury action against Teske, contending his negligence caused the accident. The return of service indicated that Teske had been served by delivery of the petition and summons to his residence.

On May 18, 1998, attorney Craig Blumreich filed an answer on behalf of Teske, signing the pleading as "Attorneys for Defendant." The answer asserted numerous affirmative defenses, including insufficient process and service of process, lack of personal jurisdiction, and lack of capacity, but it said nothing about Teske's death almost a year earlier. No motion was filed to adjudicate any of the asserted defenses.

Yoh and her counsel remained in the dark about Teske's death until March 15, 1999, when counsel was finally informed during a case management conference. Yoh filed a motion to amend the petition to name Hoffman on June 9, 1999, and the amended petition was filed July 1, 1999.

The estate filed a motion for summary judgment, contending the statute of limitations had expired before Yoh served the special administrator. The district judge found the suit was properly filed within the tort statute of limitations under K.S.A. 60-203(b) and K.S.A. 2000 Supp. 60-215(c). She further found that defendant's argument invoking K.S.A. 59-2239 to bar the claim in a probate action was moot. Plaintiff prevailed on the merits and was awarded damages of $30,000.

"Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. On appeal, the Court of Appeals applies the same standards as the trial court." *Dawson v. Givens Const. Co.*, 27 Kan. App. 2d 1042, 1046, 11 P.3d 81, *rev. denied* 270 Kan. 897 (2000). Likewise, "[t]he interpretation and application of a statute of limitations is a question of law for which the court's review is unlimited." *Brown v. State*, 261 Kan. 6, 8, 927 P.2d 938 (1996).

K.S.A. 60-203 governs when a suit is commenced:

"(a) A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1).

"(b) If service of process or first publication purports to have been made but is later adjudicated to have been invalid due to any irregularity in form or procedure or any defect in making service, the action shall nevertheless be deemed to have been commenced at the applicable time under subsection (a) if valid service is obtained or first publication is made within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff."

The district judge quoted *Grimmett v. Burke*, 21 Kan. App. 2d 638, 647-48, 906 P.2d 156 (1995), *rev. denied* 259 Kan. 927 (1996), for its interpretation of the purported service provision of 60-203(b):

"We hold that before it can be said that service has 'purported to have been made,' it must be shown that a defendant was given actual notice of having been sued. We also conclude that the following factors should exist: (1) The original service must have 'appeared' to be valid and the returns by the sheriff's office or other process servers must indicate that the service was valid. (2) The record should show that the plaintiff believed in good faith that his or her service was valid and relied on that validity to his or her detriment. (3) The plaintiff had no reason to believe the defendant was contesting service until after the statute of limitations had run, but had no opportunity to take steps to correct the defective service."

The district judge correctly noted that the original residential service on Teske appeared to be valid and that the plaintiff believed in good faith she had good service until informed otherwise at the March 1999 case management conference. Reading 60-203 liberally, as encouraged by *Hughes v. Martin*, 240 Kan. 370, 373-76, 729 P.2d 1200 (1986), the district judge discounted the argument that the purported service had not actually informed the administrator of Teske's estate because he had not yet been appointed. It was enough that the insurance company was notified, she said. The judge also said that plaintiff had no reason to know service was being contested because no motion to dismiss on insufficiency of process or service of process ever followed the original answer's

invocation of those defenses. She also regarded the ultimate service of the amended petition as within the 90-day time period set forth in 60-203(b) because no formal adjudication of the insufficiency of service had ever occurred.

We disagree with this application of 60-203(b). Without a formal adjudication on the merits of a defense of insufficiency of process or service of process, we would not reach the *Grimmett* factors or apply K.S.A. 60-203(b).

We agree with the district judge, however, that K.S.A. 2000 Supp. 60-215(c) would save the plaintiff's cause of action from a statute of limitations bar. Under 60-215(c),

"[a]n amendment of a pleading relates back to the filing of the original pleading when:

"(1) The claim or defense asserted in the amended pleading arose out of the conduct, transaction, occurrence set forth or attempted to be set forth in the original pleading; or

"(2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, within the period provided by law for commencing the action against the party including the period for service of process under K.S.A. 60-203 and amendments thereto, the party to be brought in by amendment: (A) Has received such notice of the institution of the action that the party would not be prejudiced in maintaining a defense on the merits; and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

In this case, there is no question that subsection (1) is satisfied. As to notice and knowledge of plaintiff's mistake, both the insurance company that bears the ultimate liability and the attorney hired by it to defend Teske and the administrator of his estate were fully aware of plaintiff's ignorance of Teske's death at the time of the filing of the original petition. Indeed, they ensured that an answer was filed to protect the "defendant's" rights and their secret. Under the circumstances, no prejudice to the defense was possible. Both Allied and Blumreich knew that, but for plaintiff's mistake, an administrator would have been appointed and the estate sued. The artifice of the answer was designed to prevent plaintiff from taking exactly those steps to protect *her* rights. We hold

that the amended petition related back to the filing of the original petition under K.S.A. 2000 Supp. 60-215(c).

There is at least one other reason that the district court's decision to reject defendant's motion for summary judgment should be upheld, and we will speak plainly: Knowingly filing a pleading on behalf of a dead person as though he or she is still alive is fraud.

It is apparent here that the estate, its counsel, and the insurance company paying counsel's fees conspired in a long-term, deliberate deception of their opponent and the court. When Blumreich signed the answer as "Attorneys for Defendant," he knew he had no client in existence. The appropriate course was to stand silent or to inform opposing counsel and the court of this fact. It was completely inappropriate to file an answer calculated to mislead by hiding the true state of affairs behind vague boilerplate defenses.

The answer was filed 5 days before the 2-year statute of limitations expired on May 23, 1998. But for the fraud engaged in by the defense, Yoh and her counsel would have known of Teske's death and been able to pursue the opening of the estate, the appointment of a special administrator, and the amendment of their petition before the statute of limitations ran. They would not have had to rely on relation back of an amended petition filed after the fraud was revealed.

This situation is analogous to that covered by K.S.A. 60-517, which tolls the statute of limitations when a defendant has concealed himself or herself from the plaintiff. See *Morris v. Morris*, 27 Kan. App. 2d 1014, 10 P.3d 771, *rev. denied* 270 Kan. 899 (2000). We do not know the circumstances of Teske's exit from this world and do not hold him responsible for keeping us or anyone informed of his whereabouts in any afterlife. But we certainly hold Blumreich and Allied responsible for representing to the court and to plaintiff that Teske never left this valley of tears before the statute of limitations ran. Their fraud tolled the statute of limitations and made summary judgment for the estate unavailable.

Finally, we also agree with the district court that any argument invoking K.S.A. 59-2239, the nonclaim statute, is now moot. Subsection (2) of 59-2239 specifically provides that a tort action may be commenced against the estate of a deceased tortfeasor as long

as it is brought within the tort statute of limitations. We have found, for at least two reasons, that this lawsuit was timely under the 2-year tort statute. We also note that, in *In re Estate of Reynolds*, 266 Kan. 449, 456, 970 P.2d 537 (1998), the Supreme Court stated that fraud or unconscionable conduct excused any noncompliance with the nonclaim statute's otherwise jurisdictional time limit. If necessary, we believe it would have done so here.

Affirmed.