(87 P.3d 318)
No. 90,701

DEBRA BACK-WENZEL, *Appellant*, v. LOUIS WILLIAMS, *Appellee*.

Opinion filed March 26, 2004.

*Richard C. Morgan*, of Morgan Law Offices, of Newton, for appellant.

*Lyndon W. Vix*, of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, for appellee.

Before GREENE, P.J., ELLIOTT, J., and KNUDSON, S.J.

KNUDSON, J.: Plaintiff Debra Back-Wenzel brought suit against defendant Louis Williams not realizing he had died at an earlier date. After the 2-year statute of limitations had run, plaintiff sought

to substitute the special administrator of the decedent's estate as defendant. The district court denied plaintiff's motion for substitution and granted the defendant's motion to dismiss without prejudice. In explaining its decision, the district court relied on holdings in *Moore v. Luther*, 29 Kan. App. 2d 1004, 35 P.3d 277 (2001).

The *Moore* court held K.S.A. 60-225 is not applicable to permit substitution of a special administrator if a named defendant is dead at the time suit is filed. 29 Kan. App. 2d 1004, Syl. ¶ 4. We agree. The court also held that without a party defendant, the district court lacked subject matter jurisdiction over the case. 29 Kan. App. 2d 1004, Syl. ¶ 1. We do not agree with this holding if it is read to preclude a district court from exercising its judicial power as authorized by law.

"Subject matter jurisdiction is the authority of the court to hear and decide a particular action." *In re Marriage of Metz*, 31 Kan. App. 2d 623, 625, 69 P.3d 1128 (2003). We need no citation of authority to conclude a district court in tort litigation has subject matter jurisdiction to hear and decide whether substitution of a party defendant is appropriate. The issue is: Under what authority and circumstances?

*Factual and Procedural Overview*

On December 15, 2000, the plaintiff and defendant were involved in an automobile accident. The defendant died on July 4, 2001. Unaware of the defendant's death, plaintiff filed a personal injury suit against the defendant on December 12, 2002, 3 days before the statute of limitations was to run. Under K.S.A. 60-203(a), the plaintiff's cause of action would commence upon filing of her petition if the defendant was served within 90 days. Although no documentation is provided in the record, residential service was purportedly obtained on December 17, 2002. On March 13, 2003, the 91st day after the petition was filed, the defendant's insurance company informed plaintiff of the defendant's death.

On March 21, 2003, the plaintiff filed a motion requesting a 30-day extension to obtain service. In granting the motion, the district court noted that unusual circumstances existed, including the fact that the same insurance company insured both parties and the

carrier was aware of the defendant's death sometime prior to March 13, 2003. The authority pursuant to which this order was entered is unclear. The only statutory authority for extending a party's time for obtaining service is under K.S.A. 60-203(a). That statute requires application to be made before expiration of the original 90-day period. *Read v. Miller*, 247 Kan. 557, 562-63, 802 P.2d 528 (1990). Nevertheless, in view of our decision, this procedural error is of no legal consequence.

On April 1, 2003, the plaintiff filed a petition in the district court's probate division seeking appointment of a special administrator to accept service on behalf of Williams. That same day, a special administrator was appointed. Thereafter, the plaintiff filed a suggestion of death for the defendant and a motion to substitute the special administrator as a party defendant in the case.

On April 8, 2003, counsel for the defendant filed a motion to dismiss, alleging that the district court lacked both personal and subject matter jurisdiction over the matter based on this court's ruling in *Moore*. The district court granted the motion and dismissed the case without prejudice, holding that it lacked subject matter jurisdiction over the action, which was controlled by and indistinguishable from *Moore*. The plaintiff has timely appealed.

*Standard of Review*

A district court's grant of a motion to dismiss for lack of subject matter jurisdiction is subject to de novo review on appeal, and the facts alleged by the plaintiff are assumed to be true. *Wichita Eagle & Beacon Publishing Co. v. Simmons*, 274 Kan. 194, 205, 50 P.3d 66 (2002); *Kansans for Fair Taxation, Inc. v. Miller*, 20 Kan. App. 2d Syl. ¶ 1, 889 P.2d 154 (1995).

Interpretation of a statute is a question of law, and an appellate court's review is unlimited. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

*Discussion*

We agree with the defendant that if the plaintiff is relying only upon K.S.A. 60-225 to support substitution, *Moore* controls because on its face the statute is not applicable. However, this does

not end our inquiry. Provisions of the Kansas Code of Civil Procedure are to be liberally construed to secure justice. K.S.A. 2003 Supp. 60-102. Moreover, the law prefers that a case be decided on its merits and not dismissed on a questionable procedural ruling. Before the plaintiff's case is to be dismissed, we believe consideration must be given to the application of K.S.A. 2003 Supp. 60-215, which states, in material part:

"(a) *Amendments.* A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires. . . .*

. . . .

"(c) *Relation back of amendments.* An amendment of a pleading relates back to the date of the original pleading when:

. . . .

(2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, within the period provided by law for commencing the action against the party including the period for service of process under K.S.A. 60-203 and amendments thereto, the party to be brought in by amendment: (a) Has received such notice of the institution of the action that the party would not be prejudiced in maintaining a defense on the merits; and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

In *Hinds v. Estate of Huston*, 31 Kan. App. 2d 478, 66 P.3d 925 (2003), the court was called upon to construe 60-215 and the implications of *Moore.* In *Hinds,* the plaintiff sued the defendant for personal injury. However, the defendant had died before suit was filed. Before any responsive pleading was due, plaintiff filed an amended petition naming the decedent's estate; thereafter, the administrator of the decedent's estate was served with summons and the amended petition. The estate, relying upon *Moore,* moved to dismiss plaintiff's amended petition because service was not effectuated until after the 2-year statute of limitations had run. The plaintiff responded by arguing *Moore* was not applicable to an amendment of a petition under 60-215. Ultimately, the district

court determined *Moore* was controlling and dismissed plaintiff's lawsuit.

In considering whether *Moore* is applicable to amendment of pleadings under 60-215, Judge Green wrote:

"[Plaintiff] argues that the holding in *Moore* should be limited to the application of K.S.A. 60-225 regarding the substitution of parties. We agree. The operation of K.S.A. 60-225 is distinguishable from the operation of K.S.A. [2003] Supp. 60-215. K.S.A. 60-225(a)(1) would seem to contemplate the later death of a legally existent party to an action before substitution is permitted. In *Moore,* no substitution of parties was allowed because no legal defendant existed when the lawsuit was filed.

"On the other hand, K.S.A. [2003] Supp. 60-215 governs the amendment of pleadings to add or substitute parties who should have been joined originally, either as necessary or indispensable parties, or permits the replacement of a party in or against whom the cause of action really lies. Clearly, 60-215 allows a new party to be added by amendment. The question to be answered is whether a new party may be added under 60-215 after the applicable statute of limitations has run." 31 Kan. App. 2d at 480.

The *Hinds* court then concluded that, under the facts of the case and in applying 60-215, plaintiff's amended petition related back to the date the original petition was filed. Thus, the Court of Appeals reversed the decision of the district court and reinstated the plaintiff's case. 31 Kan. App. 2d at 483.

Interestingly, the *Hinds* court did not cite or rely upon *Yoh v. Hoffman,* 29 Kan. App. 2d 312, 27 P.3d 927, *rev. denied* 272 Kan. 1423 (2001), in construing 60-215. We suspect that is because *Yoh* narrowly concentrated on the deliberate deception of the decedent's automobile insurance carrier and the attorney employed to defend the lawsuit. Nevertheless, it is noteworthy that under the facts of *Yoh,* the court upheld relation back of an amended petition substituting as a party defendant the special administrator of the decedent's estate where the defendant had died before suit was filed. 29 Kan. App. 2d 312, Syl. ¶ 2. We hasten to add that in the case before us there is no suggestion of wrongdoing by the decedent's insurance company or counsel employed to defend the litigation. We provide this brief discussion of *Yoh* in the interest of full disclosure and not as controlling authority.

Presumably, plaintiff's motion to substitute a party defendant was based upon the authority of K.S.A. 60-225, notwithstanding that this statutory label was not included within the motion. However, we do not find that apparent reliance controlling if the motion can also be reasonably interpreted as an application to amend the petition and change the name of the party against whom the claim is asserted under K.S.A. 2003 Supp. 60-215. We recognize defendant's observation that if that was the plaintiff's intent, an amended petition could have been filed as a matter of course, as no responsive pleading or answer had been filed by the defendant. See K.S.A. 2003 Supp. 60-215(a). However, we fail to understand why plaintiff's case should be dismissed, never to be decided on the merits, simply because plaintiff opted to seek leave of court as also authorized under K.S.A. 2003 Supp. 60-215(a).

We conclude the *Moore* court correctly decided K.S.A. 60-225 has no application when the alleged tortfeasor dies before the case is filed. That holding should not obfuscate the imprecision of *Moore's* conclusion that the district court lacked subject matter jurisdiction. At most, one can only argue subject matter jurisdiction was lacking under K.S.A. 60-225, but not so under any other applicable statutory grant of authority. K.S.A. 2003 Supp. 60-215 is unambiguous on its face and explicitly allows substitution of a party. We conclude the district court's narrow focus on K.S.A. 60-225 and reliance on *Moore* as legal justification for dismissal of the plaintiff's case constitutes reversible error. What remains to be decided is whether, under the facts of this case, leave should be granted to the plaintiff to amend her petition to substitute the special administrator as party defendant and, if so, whether the amendment will relate back to the filing date of the original petition. See K.S.A. 2003 Supp. 60-215. Those decisions are for the district court to determine.

Reversed and remanded.