No. 90,701

DEBRA BACK-WENZEL, *Appellant,* v. LOUIS WILLIAMS, *Appellee.*

109 P.3d 1194

Opinion filed April 22, 2005.

*Richard C. Morgan,* of Morgan Law Offices, of Newton, argued the cause and was on the brief for appellant.

*Lyndon W. Vix,* of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

NUSS, J.: Debra Back-Wenzel sued Louis Williams for personal injuries arising out of a car accident. Unbeknownst to her, Williams had died before suit was filed. After she learned of his death, she sought to substitute his estate's special administrator as the defendant. The district court granted the defendant's motion to dismiss without prejudice due to lack of subject matter jurisdiction. The Court of Appeals reversed in *Back-Wenzel v. Williams,* 32 Kan. App. 2d 632, 87 P.3d 318 (2004). This court granted Williams' petition for review under K.S.A. 20-3018(b).

The sole issue on appeal is whether the district court erred in dismissing the case, *i.e.,* in refusing to allow the special administrator to serve as the defendant. We hold the district court was correct. Accordingly, we reverse the Court of Appeals and affirm the district court's dismissal.

## FACTS

The facts are not in dispute. On December 15, 2000, Debra Back-Wenzel was injured in a car accident involving Louis Wil-

liams. Williams died on July 4, 2001, from conditions unrelated to the accident. On December 12, 2002, 3 days before the statute of limitations expired, Back-Wenzel filed a petition against Williams alleging his negligence in the accident. The district court found that service was obtained on the defendant by residential service on December 17, 2002.

Approximately 3 months later, on March 13, 2003, Williams' insurance company notified Back-Wenzel that Williams had died. The district court found that the 90 days to obtain service had expired, but ordered an extension to April 17.

On April 1, Back-Wenzel filed a petition in the probate division of the district court seeking appointment of a special administrator of Williams' estate to accept service on his behalf. A special administrator was appointed at that time and letters of special administration issued. That same day Back-Wenzel also filed a suggestion of death of defendant which additionally informed the district court that Michael X. Llamas had been appointed special administrator of the Williams estate. She also filed a motion with the district court to substitute Michael X. Llamas as special administrator, for defendant Williams.

On April 8, Williams' attorneys filed a motion to dismiss, claiming that the court lacked subject matter and personal jurisdiction and that Back-Wenzel failed to state a claim upon which relief could be granted because there was no proper defendant. Back-Wenzel filed no response. On April 18, 1 day after the extension to obtain service expired, the district court denied Back-Wenzel's motion to substitute and granted the defendant's motion to dismiss without prejudice. It essentially held that Williams' pre-suit death precluded subject matter jurisdiction.

Back-Wenzel appealed, and the Court of Appeals reversed.

## ANALYSIS

Issue: *Did the district court err in dismissing the case, i.e., in refusing to allow the special administrator to serve as the defendant?*

The district court dismissed the case for lack of subject matter jurisdiction. Whether subject matter jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Wichita*

*Eagle & Beacon Publishing Co. v. Simmons*, 274 Kan. 194, 205, 50 P.3d 66 (2002).

In support of Back-Wenzel's argument that the district court wrongly dismissed her lawsuit, she points to the fact that she had no knowledge of Williams' death until after suit had been filed and that she immediately followed procedural requirements for bringing a claim against a deceased tortfeasor. Back-Wenzel claims that to not allow her to substitute the defendant places form over substance and would be unjust because of her inadvertent technical mistake. As a result, she advances the Court of Appeals' decision and rationale.

Williams' attorney, however, argues that the district court lacked subject matter jurisdiction over a deceased party. Consequently, he alleges there was never a proper defendant, and there was no controversy to be decided. As a result, he relies upon the district court's order of dismissal and rationale.

Although our review of the issue is de novo, we begin our analysis by examining the approaches taken by both lower courts.

The district court exclusively relied upon *Moore v. Luther*, 29 Kan. App. 2d 1004, 35 P.3d 277 (2001), which it held controlling and indistinguishable from the instant case. There, plaintiffs filed suit for personal injuries and physical damage arising out of a car accident involving Luther. Suit was brought 5 days before the statute of limitations deadline, but more than 18 months after Luther had died. The plaintiffs learned of Luther's death 119 days after the lawsuit was filed. They then filed a motion under K.S.A. 60-225 to substitute Luther's widow, who had previously been the executor of Luther's then-closed estate, as the defendant. The district court denied the motion and eventually dismissed the action with prejudice, finding that the claims were barred by the 2-year statute of limitations.

The *Moore* court stated that the issue before it was a matter of first impression in Kansas: "Whether a litigant can use this statute [K.S.A. 60-225] to save a cause of action filed against a decedent." 29 Kan. App. 2d at 1008.

K.S.A. 60-225 states in relevant part at (a)(1):

"*If a party dies* and the claim is not thereby extinguished, the court shall *on motion order substitution* of the proper parties. The *motion for substitution* may be made by any party or by the successors or representatives of the deceased party or by any party and, together with the notice of the hearing, shall be served on the parties as provided in K.S.A. 60-205, and upon persons not parties in the manner provided for the service of a summons. Unless the *motion for substitution* is made within a reasonable time after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." (Emphasis added.)

The *Moore* court observed that because the Kansas Rules of Civil Procedure are patterned after the federal rules, Kansas appellate courts often turn to federal case law for persuasive guidance. While it acknowledged that the federal counterpart to K.S.A. 60-225 — Fed. R. Civ. Proc. 25 — is not identical, "the differences between the rules do not affect the persuasiveness of federal case law on this issue." 29 Kan. App. 2d at 1008. Accordingly, it cited with approval 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1951 (1986): "The rule presupposes that substitution is for someone who was a party to a pending action. *Substitution is not possible if one who was named as a party in fact died before the commencement of the action.*" (Emphasis added.) 29 Kan. App. 2d at 1009.

The *Moore* court further observed that "the federal courts have uniformly followed this interpretation" and "other states having statutes or rules similar to the federal rule have held likewise." 29 Kan. App. 2d at 1009. Based upon these reasons, the Court of Appeals in *Moore* stated:

"We find that if a named defendant is dead at the time of the filing of the cause of action, the trial court is without jurisdiction to proceed and the action must be dismissed without prejudice. *Substitution of a special administrator or other personal representative under K.S.A. 60-225(a)(1) is inapplicable where the defendant dies prior to commencement of the action.* The district court properly dismissed plaintiffs' case and properly denied their motion to alter or amend [the judgment]. However, the matter is remanded with instructions to dismiss for lack of jurisdiction, without prejudice, pursuant to K.S.A. 2000 Supp. 60-241(a)(1)." (Emphasis added.) 29 Kan. App. 2d at 1010.

The Court of Appeals in the instant case agreed with the *Moore* court: "The *Moore* court held K.S.A. 60-225 is not applicable to

permit substitution of a special administrator if a named defendant is dead at the time suit is filed. 29 Kan. App. 2d 1004, Syl. ¶ 4. We agree." 32 Kan. App. 2d at 633.

The Court of Appeals then parted ways with the *Moore* court:

"The [*Moore*] court also held that without a party defendant, the district court lacked subject matter jurisdiction over the case. 29 Kan. App. 2d 1004, Syl. ¶ 1. We do *not* agree with this holding if it is read to preclude a district court from exercising its judicial power as authorized by law.

" 'Subject matter jurisdiction is the authority of the court to hear and decide a particular action.' [Citation omitted.] We need no citation of authority to conclude a district court in tort litigation has subject matter jurisdiction to hear and decide whether substitution of a party defendant is appropriate. The issue is: Under what authority and circumstances?" 32 Kan. App. 2d at 633.

The Court of Appeals then proceeded under K.S.A. 2003 Supp. 60-102 (provisions of the Kansas Code of Civil Procedure are to be liberally construed to secure justice) to construe Back-Wenzel's motion as one to amend her pleadings under K.S.A. 2003 Supp. 60-215. With this construction in hand, the court then applied case law where defendants had died before suit was filed and motions to amend pleadings under 60-215 had been granted to allow estate administrators to replace the decedents. See *Hinds v. Estate of Huston,* 31 Kan. App. 2d 478, 66 P.3d 925 (2003); *Yoh v. Hoffman,* 29 Kan. App. 2d 312, 27 P.3d 927, *rev. denied* 272 Kan. 1423 (2001).

The Court of Appeals then used this "reasonable interpretation," and the 60-215 case law, to reverse and remand for the district court to determine "whether, under the facts of the case, leave should be granted to the plaintiff to amend her petition to substitute the special administrator as party defendant and, if so, whether the amendment will relate back to the filing date of the original petition. See K.S.A. 2003 Supp. 60-215. These are decisions for the district court to determine." 32 Kan. App. 2d at 637.

The primary problem with the Court of Appeals' approach is that we are not dealing with a motion to amend pleadings under K.S.A. 2003 Supp. 60-215. The court erred in its expansive characterization, as clearly demonstrated by Back-Wenzel's motion, the

defendant's resultant pleadings, and the trial court's understanding, and treatment, of the parties' pleadings.

First, Back-Wenzel's motion reads in relevant part:

"MOTION TO *SUBSTITUTE* PARTY DEFENDANT

"Comes now the Plaintiff and respectfully moves the above-entitled Court for an Order *substituting* Michael X. Llamas as Special Administrator of the Estate of Louis Williams, Deceased, for the defendant, Louis Williams, Deceased." (Emphasis added.)

As Williams' attorney correctly observes, the title of the motion not only matches the language of K.S.A. 60-225(a)(1), but substitution pursuant to the statute is also the procedural step which necessarily follows the filing of a suggestion of death such as Back-Wenzel caused to be filed here. See K.S.A. 60-225(a)(1) ("Unless the motion for substitution is made within a reasonable time *after the death is suggested upon the record by service of a statement of the fact of the death* as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.") (Emphasis added.); *Long v. Riggs*, 5 Kan. App. 2d 416, 417, 617 P.2d 1270 (1980).

Second, Williams' attorney's motion to dismiss attached a "Memorandum in Support of Defendant's Motion to Dismiss and in Opposition to *Plaintiff's Motion to Substitute.*" (Emphasis added.) His argument relies almost exclusively upon *Moore*, and concludes by stating: "The court of appeals' summary of its holding in *Moore* is fully applicable to the present case and conclusively indicates why dismissal is compelled:

" 'We find that if a named defendant is dead at the time of the filing of the cause of action, the trial court is without jurisdiction to proceed and the action must be dismissed without prejudice. *Substitution of a special administrator or other personal representative under K.S.A. 60-225(a)(1) is inapplicable where the defendant dies prior to commencement of the action.*' " (Emphasis added.) 29 Kan. App. 2d at 1010.

As mentioned, Back-Wenzel did not file a response to the motion to dismiss, thus electing to forego her opportunity to present a written correction of defendant's interpretation of her motion.

Finally, the district court's order of April 18, 2003, dismissing the action states in relevant part:

"NOW ON THIS 18th day of April, 2003, comes on for hearing plaintiff's *motion to substitute defendant* and defendant's motion to dismiss. . . .

. . . .

"1. At the time this suit was filed on December 12, 2002, the purported defendant, Louis Williams, was deceased. Pursuant to the decision in *Moore v. Luther*, 29 Kan. App. 2d 1004, 35 P.3d 277 (2001), the suit is void *ab initio* because a decedent has no capacity to be sued. Because there is no proper party defendant, this Court lacks subject matter jurisdiction over the action. 29 Kan. App. 2d at 1006-07.

"[2]. After suit was filed, plaintiff obtained appointment of a special administrator for purposes of receiving service on behalf of Louis Williams. *Plaintiff has moved to substitute the special administrator as defendant in this action.* However, the *Moore* case makes clear that *substitution is not possible* because, as noted above, the suit is a nullity and '(s)ubstitution is not possible* if one who was named as a party in fact died before commencement of the action.' *Moore*, 29 Kan. App. 2d at 1009. *The Court finds that this case is controlled by, and is indistinguishable from Moore.*

. . . .

"IT IS THEREFORE by the Court ordered, adjudged and decreed that the plaintiff's *motion to substitute* be denied and that the defendant's motion be granted; and that this matter shall be, and is hereby, dismissed without prejudice." (Emphasis added.)

The language in the order was approved by both sides.

As noted earlier, the motion at issue in *Moore*—the case the district court found "indistinguishable" and "controlling"—was a motion to substitute under K.S.A. 60-225. Accordingly, in our view, the district court could not have been much more clear as to its understanding of the nature of Back-Wenzel's motion.

Even in Back-Wenzel's brief to the Court of Appeals, she does not specifically argue that her motion was anything other than one to substitute parties. Accordingly, it appears from the record on appeal that the first time Back-Wenzel's motion to substitute was actually characterized as anything else, *i.e.*, a motion to amend the pleadings, was the Court of Appeals' decision in the instant case. Ironically, that court stated: "We agree with the defendant that *if the plaintiff is relying only upon K.S.A. 60-225 to support substitution, Moore* controls because on its face the statute is not applicable." (Emphasis added.) 32 Kan. App. 2d at 634. There is nothing in the record demonstrating that the plaintiff relied upon anything besides 60-225.

Our affirmation of the district court on the basis of 60-225 renders moot any discussion about the 60-215 cases cited by the Court of Appeals.

The decision of the Court of Appeals is reversed, and the decision of the district court is affirmed.

GERNON, J., not participating.
LARSON, S.J., assigned.