FILED

MAR 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **TERI H. NGUYEN,** | No. 11-17869 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-03318-LHK |
| v. | |
| **BANK OF AMERICA, NA; JPMORGAN CHASE BANK NA,** | **MEMORANDUM**[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Submitted February 14, 2014[**]
San Francisco, California

Before: **KOZINSKI**, Chief Judge, **O'SCANNLAIN** and **MURGUIA**, Circuit
Judges.

**1.** Three of Nguyen's claims—for cancellation of deed instrument, slander

of title and wrongful foreclosure—are premised on her allegation that the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

assignment of interest and servicing rights to Bank of America was somehow void or improper, and that therefore the bank has no legitimate claim of title. But these allegations are contradicted by other sections of the complaint, as well as the exhibits Nguyen attached to it. These documents show that Bank of America acquired title either when it merged with LaSalle Bank or when Chase assigned all beneficial interest in Nguyen's mortgage to Bank of America. By either means, Bank of America acquired valid title, and its efforts to foreclose therefore aren't void, false or otherwise improper.

Nguyen argues that, regardless of what facts her exhibits show, her allegation that Bank of America didn't have title should suffice to survive a motion to dismiss. But when an exhibit to a complaint is inconsistent with the complaint's allegations, the exhibit controls. See, e.g., N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 454 (7th Cir. 1998).

**2.** Nguyen's claim that Chase "faked" its loan modification efforts in violation of California Civil Code section 2923.5 is similarly contradicted elsewhere in the complaint. The thrust of this claim is that "Chase had no beneficial interest in Plaintiff's [Deed of Trust]" when it entered into these negotiations. But for this theory of liability to lie, the modification efforts must've

occurred after March 2009, when Chase transferred its beneficial interest in the deed. Yet nowhere in the complaint does Nguyen allege that Chase sought loan modification after March 2009; indeed, she suggests that these talks occurred in December 2008, at which point Chase had the requisite interest to meet section 2923.5's requirements.

**3.** Nguyen's quasi-contract claim fails because she doesn't plausibly allege the existence of a quasi-contract, nor that Chase wrongfully profited when it sought to collect a debt it had good reason to believe it was entitled to. This claim is supported only by the conclusory allegation that "[i]t would be inequitable for Chase to retain the payments it received from Plaintiff," which isn't enough to survive a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

**4.** Nguyen makes no effort to refute the district court's conclusion that her claim of unfair business practices, see Cal. Civ. Code § 17200 et seq., is barred by the four-year statute of limitations. The only argument in her opening brief—that she "pleaded specific facts in support of this claim"—is unresponsive to the district court's finding that this claim wasn't timely brought and therefore insufficient to disturb its ruling.

**5.** Nguyen's claim for "Injunction Relief" was properly dismissed, as a generalized request for such a remedy isn't a claim under California law.  See, e.g., Marlin v. AIMCO Venezia, LLC, 154 Cal. App. 4th 154, 162 (2007).

**6.** Given these weak claims and Nguyen's litigation history—having, for example, filed multiple suits in state court only to dismiss them before they could be ruled on—it was well within the district court's discretion to deny her leave to amend her complaint.  See Fed. R. Civ. P. 15(a)(2).

Moreover, since Nguyen's opening brief makes no mention of the district court's order to show cause, we find any challenge she may have to this part of the district court's ruling to be waived.  See, e.g., Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**