NOT DESIGNATED FOR PUBLICATION

No. 118,225

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL L. STROPE,
*Appellant*,

v.

DOUG BURRIS, JAMES HEIMGARTNER, J. PERKINS,
CINDY VAN PAY, TARA LAFORCE, and SHERRY MARTELL,
*Appellees*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; LARRY D. HENDRICKS, judge. Opinion filed April 13, 2018. Affirmed.

*Michael Strope*, appellant pro se.

*Fred W. Phelps, Jr.*, legal counsel, Kansas Department of Corrections, for appellees Doug Burris, James Heimgartner, J. Perkins, Cindy Van Pay, and Tara R. LaForce.

*Richard M. Acosta* and *Roger W. Slead*, of Horn Aylward & Bandy, LLC, of Kansas City, Missouri, for appellee Sherry Martell.

Before ARNOLD-BURGER, C.J., MALONE and MCANANY, JJ.

PER CURIAM: Michael L. Strope, an inmate at the El Dorado Correctional Facility (EDCF), appeals the district court's dismissal of his 42 U.S.C. § 1983 petition filed in state court. In that petition, Strope claimed that prison officials violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. Finding that all of Strope's claims failed to state a claim upon which relief could be granted under

1

K.S.A. 2017 Supp. 60-212(b)(6), the district court dismissed Strope's petition in its entirety. For the reasons stated herein, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 2016, Strope filed a "Civil Rights Complaint" in the District Court of Shawnee County, Kansas, claiming that EDCF officials violated his constitutional rights. According to his petition, he filed it "per 42 U.S.C. 1983 and The Kansas Bill of Rights." However, throughout his petition, Strope only mentions the federal Constitution.

Strope's petition is rather long and often repetitive. He basically alleged that prison officials retaliated against him for filing grievances, denied him appropriate medical restrictions and treatments, and treated him more harshly than other inmates. From these allegations, Strope claimed that prison officials violated his First, Eighth, and Fourteenth Amendment rights. Strope also claimed that he had exhausted all his administrative remedies, attaching numerous exhibits in an attempt to prove as much. The specific prison officials Strope claimed violated his civil rights are as follows: Douglas Burris, secretary designee; James Heimgartner, warden of EDCF; J. Perkins, employee of EDCF; Cindy Van Pay, employee of EDCF; Tara LaForce, employee of EDCF; Gordon Harrod, a medical provider for EDCF; and Sherry Martell, a medical provider for EDCF (collectively, defendants). Strope stated that he was suing the defendants in their "individual and official capacity and under color of state law."

On May 2, 2017, Burris, Heimgartner, Perkins, Van Pay, and LaForce filed a motion to dismiss Strope's petition. They asked the district court to dismiss on the grounds that Strope's petition failed to comply with K.S.A. 2016 Supp. 60-208, by being incoherent; that the court lacked both subject matter and personal jurisdiction under K.S.A. 2016 Supp. 60-212(b)(1) and (b)(2), because Strope failed to exhaust his administrative remedies; and that the petition failed to state a claim upon which relief

2

could be granted under K.S.A. 2016 Supp. 60-212(b)(6). They also claimed that qualified immunity required dismissal of Strope's petition.

On May 26, 2017, Martell filed her own motion to dismiss Strope's petition. In that motion, Martell first adopted all the arguments set forth in the motion to dismiss filed by the other defendants. She went on to specifically argue that Strope failed to state a claim upon which relief could be granted as to his First, Eighth, and Fourteenth Amendment claims. All the defendants waived a hearing on their motions to dismiss, and Strope neither waived nor asked for a hearing.

On July 21, 2017, the district court filed a 34-page memorandum decision and order dismissing Strope's petition in its entirety. First, the district court found that although Strope attached numerous exhibits to his petition, the defendants' motions to dismiss were not converted to summary judgment motions, construing Strope's exhibits as part of his pleadings. The district court then discussed the applicable law regarding qualified immunity; the requirement that pleadings be short and plain under K.S.A. 2017 Supp. 60-208(a); failure to state a claim under K.S.A. 2017 Supp. 60-212(b)(6); and subject matter and personal jurisdiction under K.S.A. 2017 Supp. 60-212(b)(1) and (b)(2).

Next, the district court discussed whether Strope properly exhausted his administrative remedies under K.S.A. 75-52,138. Although the district court questioned whether Stope had exhausted his administrative remedies, the district court did not dismiss Strope's petition on this ground. Instead, pursuant to K.S.A. 2017 Supp. 60-212(b)(6), the district court ruled that Strope failed to state a First, Eighth, and Fourteenth Amendment claim, and he also failed to state a claim for retaliation. Thus, the district court dismissed Strope's petition in its entirety. Strope timely filed a notice of appeal.

3

On appeal, Strope claims the district court erred in dismissing his petition. Strope initially contends that the district court erred when ruling without a hearing that he failed to state a retaliation claim. Next, Strope claims that the district court erred by granting the defendants' motions to dismiss for failure to state a claim regarding his First, Eighth, and Fourteenth Amendment claims. Strope also claims that the district court incorrectly ruled that he failed to exhaust his administrative remedies. Finally, Strope claims that K.A.R. 44-15-102 is unconstitutional because it limits a grievance to 10 pages.

The EDCF defendants, including Burris, Heimgartner, Perkins, Van Pay, and LaForce, have filed an appellate brief asserting that Strope's "stated issues on appeal fail to make a dent in the district court's rock solid written decision." These defendants specifically argue that Strope was not entitled to a hearing and the district court did not err in dismissing Strope's constitutional claims. Martell filed a separate brief and argues that Strope failed to state a claim under the Eighth and Fourteenth Amendments and that Strope also failed to state a claim of retaliation.

As a preliminary matter, we find that the district court correctly determined that Strope's exhibits should be considered as part of his pleadings, and the district court accurately determined that Strope's exhibits did not convert the motions to dismiss to summary judgment motions. Generally, when matters outside the pleadings are presented to and considered by the district court, the motion to dismiss must be treated as one for summary judgment. See K.S.A. 2017 Supp. 60-212(d). However, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." K.S.A. 2017 Supp. 60-210(c). Because Strope's exhibits all related to his well-pleaded facts and the defendants did not provide any exhibits, the defendants' motions to dismiss were not effectively converted to summary judgment motions.

Whether a district court erred by granting a motion to dismiss for failure to state a claim upon which relief can be granted, under K.S.A. 2017 Supp. 60-212(b)(6), is a question of law subject to unlimited review. The appellate court will view the well-pleaded facts in a light most favorable to the plaintiff and assume as true those facts and any inferences reasonably drawn from them. If those facts and inferences state any claim upon which relief can be granted, then dismissal is improper. *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013). In addition, as Strope is a pro se plaintiff, this court liberally construes his pleadings in favor of finding claims. See *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004).

Turning to the governing legal principles, in 42 U.S.C. § 1983 (2012), the United States Congress granted victims a method of vindication when their constitutional rights are violated. *Purvis v. Williams*, 276 Kan. 182, 198, 73 P.3d 740 (2003). A plaintiff can bring a claim under 42 U.S.C. § 1983 in state or federal court. *Prager v. Kansas Dept. of Revenue*, 271 Kan. 1, 12, 20 P.3d 39 (2001). To state a valid claim under this provision, a "petition must allege two essential elements:  (1) whether the conduct complained of was committed by a person acting under color of state law, and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or federal law." *Purvis*, 276 Kan. at 198.

Although no party has raised this issue in their briefs, we will first address the fact that Strope's exhibits substantially contradict many of his claims in his petition. As we have previously stated, in ruling on a motion to dismiss based on the pleadings, a court will view the well-pleaded facts in a light most favorable to the plaintiff and assume as true those facts and any inferences reasonably drawn from them. But in a case like this one where the plaintiff's own exhibits contradict many of the facts alleged in the petition, we must determine whether the exhibits or the well-pleaded facts govern Strope's claims for the purpose of a motion to dismiss.

5

In *Sperry v. McKune*, 305 Kan. 469, Syl. ¶ 2, 384 P.3d 1003 (2016), our Supreme Court states: "Under K.S.A. 2015 Supp. 60-210(c), a written instrument attached as an exhibit to a pleading is a part of the pleading for all purposes. Hence, documents attached to a petition can be considered when ruling on a motion to dismiss under K.S.A. 2015 Supp. 60-212(b)(6)." The *Sperry* court ultimately found that because the defendants attached an affidavit to their motion to dismiss which referenced facts not pled by the plaintiff, the appropriate standard of review was the same as for summary judgment. 305 Kan. at 480-81. But as we have previously stated, Strope's exhibits all related to his well-pleaded facts. So even though Strope's exhibits often contradicted the facts alleged in his petition, the district court could consider the exhibits in ruling on the motions to dismiss.

Moreover, the federal circuit courts, including the Tenth Circuit, generally hold that when an exhibit attached to a complaint is inconsistent with the facts pled in the complaint, the exhibit controls. See, e.g., *Estate of Ronquillo v. City & County of Denver*, No. 16-1476, 2017 WL 6422342, at *2 (10th Cir. 2017) (unpublished opinion); *Nguyen v. Bank of America, NA*, 563 Fed. Appx. 558, 558 (9th Cir. 2014) (unpublished opinion); see also *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009); *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998); *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n.8 (3d Cir. 1994); *Nishimatsu Construction Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206-07 (5th Cir. 1975).

In particular, we cite *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974), which states that conclusory allegations and unwarranted statements of fact included in a complaint are not admitted as true, "especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint." The court also stated that "[i]f the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." 505 F.2d at 100.

6

These federal circuit court rulings were based on Federal Rule of Civil Procedure 10(c), which states: "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." K.S.A. 2017 Supp. 60-210(c) is identical to the federal rule. Kansas courts often look to the federal courts for guidance on how to interpret the Kansas rules, especially when the Kansas rules are identical to the federal rules. See *Back-Wenzel v. Williams*, 279 Kan. 346, 349, 109 P.3d 1194 (2005). Based on this authority, we find that Strope's exhibits control when inconsistent with his well-pleaded facts. This way, regardless of whether a § 1983 suit is brought in Kansas state court or federal court, the result would be consistent.

*Strope's retaliation claims*

Strope initially contends that the district court erred when ruling without a hearing that he failed to state a retaliation claim. Strope's arguments for this issue essentially consist of him restating his grievances from his petition. The gist of Strope's claims in his petition are that prison officials attempted to silence his complaints by retaliating against him for filing his grievances, in violation of 42 U.S.C. § 1983.

42 U.S.C. § 1983 protects inmates from retaliation for exercising their right of free speech or right of access to the courts. See *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387, 131 S. Ct. 2488, 180 L. Ed. 2d 408 (2011); *Bloom v. Arnold*, 45 Kan. App. 2d 225, 232, 248 P.3d 752 (2011). To state a valid claim of retaliation,

> "a plaintiff must include facts in the petition alleging that (1) the plaintiff was engaged in a constitutionally protected activity; (2) the defendant's actions caused the plaintiff to suffer an injury sufficient to chill a person of ordinary firmness from continuing to engage in that activity; and (3) the defendant's adverse action was substantially based on the plaintiff's exercise of a constitutionally protected right." *Bloom*, 45 Kan. App. 2d at 233 (citing *Mimics, Inc. v. Village of Angel Fire*, 394 F.3d 836, 847 [10th Cir. 2005]).

7

With respect to the first prong, prison inmates retain their First Amendment rights as long as these rights are consistent with the legitimate penological objectives of the prison system. *Pell v. Procunier*, 417 U.S. 817, 822, 94 S. Ct. 2800, 41 L. Ed. 2d 495 (1974). Prison inmates also retain their right of access to the courts, including the filing of grievances at the administrative level. See *Bloom*, 45 Kan. App. 2d at 232; see also *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) ("Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts."). Because Strope's petition alleged facts to establish that he was engaged in a constitutionally protected activity in filing his grievances, he pled ample facts to establish the first prong of a valid claim of retaliation.

As to the second prong, Strope's petition alleged that prison officials caused him to suffer an injury by (1) refusing to properly process his grievances, (2) denying him medical treatment and removing his bottom bunk/bottom run restrictions, and (3) removing his prison dog from his custody. Strope's own exhibits contradict these claims. First, even though Strope often followed the improper grievance procedure, the exhibits attached to his petition establish that prison officials still responded to Strope's claims and explained the proper procedure for filing grievances; none of these responses were hostile. Second, the exhibits indicate that no healthcare provider improperly removed his bottom run restriction or failed to treat him, as Strope alleged in his petition. In fact, the exhibits show that Strope was housed in a cell on the bottom run and that he was not treated for any medical issues because he never placed any sick calls. Third, according to Strope's exhibits, when prison officials removed Strope's dog from his custody, they did so because Strope voluntarily left the prison dog program. Thus, Strope's own exhibits fail to support the second prong of a valid claim of retaliation.

As to the third prong, Strope's exhibits indicate that the alleged adverse actions taken by the defendants were not substantially based on him filing grievances. As discussed above, the defendants continuously processed Strope's grievances, the

8

defendants did not remove Strope's bottom run restriction or abstain from providing treatment as a retaliatory move, and the defendants did not remove Strope from the dog program. Once again, Strope's own exhibits fail to support the claims in his petition.

In sum, although Strope pled ample facts to establish the first prong of a valid claim of retaliation, his own exhibits controverted any facts related to the second or third prongs of a valid claim. For these reasons, the district court correctly granted the defendants' motions to dismiss in regard to Strope's retaliation claims.

*Strope's Eighth Amendment claims*

Next, Strope claims the district court erred by granting the defendants' motions to dismiss for failure to state a claim regarding his Eighth Amendment claims. To support this claim, Strope reargues facts from his petition. In the petition, Strope claimed that the defendants were deliberately indifferent to his medical needs when they denied his emergency medical grievances and provided no medical restrictions or treatment.

The Eighth Amendment to the United States Constitution prohibits the government from inflicting cruel and unusual punishment on individuals, including prisoners. U.S. Const. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Under the federal and Kansas Constitutions, Kansas prisoners have a right to adequate medical care. *Darnell v. Simmons*, 30 Kan. App. 2d 778, 780, 48 P.3d 1278 (2002) (citing *Levier v. State*, 209 Kan. 442, 445-48, 497 P.2d 265 [1972]).

The Eighth Amendment proscribes "deliberate indifference" of prisoners' medical needs. *Estelle*, 429 U.S. at 104. Deliberate indifference contains both subjective and objective components. For the objective component, the petitioner must show that the medical need is sufficiently serious. A medical need is sufficiently serious when a diagnosed injury requires medical treatment or if the need for treatment is so obvious that

9

a lay person would recognize the need. "The objective component is satisfied upon proof of the prison officials' knowledge of the need and disregard of an excessive risk to an inmate's health or safety." *Laubach v. Roberts*, 32 Kan. App. 2d 863, 872, 90 P.3d 961 (2004). The subjective component is met when a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

Strope has failed to state a claim of deliberate indifference regarding his medical care. As the district court pointed out, Strope never stated a particular injury in his petition. He merely alleged that his medical restrictions were improperly removed and his medical grievances were improperly denied. Without providing the injury, under the objective prong, a court cannot determine the seriousness or obviousness of an injury, and, under the subjective prong, a court cannot determine the risk of harm or what measures might abate such harm. Given that Strope failed to state a medical injury, he did not establish the objective or subjective component of the deliberate indifference analysis, thereby failing to state a claim.

Now on appeal, Strope claims he sustained a lower back injury when he was forced to perform heavy lifting in violation of his medical restrictions, but he needed to plead such facts in his petition, not for the first time on appeal. Moreover, Strope's exhibits indicate that he apparently was treated for this very injury, and his bottom run restriction was not renewed because Strope never requested a renewal. The grievance responses explained all of this to Strope, specifically informing him that he needed to place a sick call for his medical claims to be evaluated. As previously discussed, Strope's exhibits govern over any inconsistent facts pled in the petition. Thus, the district court did not err in granting the defendants' motions to dismiss Strope's Eighth Amendment claims.

*Strope's Fourteenth Amendment claims*

Next, Strope claims that the district court erred when it dismissed his petition for failure to state a claim regarding his Fourteenth Amendment claims. In his petition, Strope argued that he was denied equal protection of the laws and that he was denied his right to due process when prison officials removed his dog from his custody without following the proper procedures.

The Equal Protection Clause of the Fourteenth Amendment provides in part: "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause proscribes "'disparity in treatment by a State between classes of individuals whose situations are arguably indistinguishable.'" *State v. Mueller*, 271 Kan. 897, 903, 27 P.3d 884 (2001) (quoting *Ross v. Moffitt*, 417 U.S. 600, 609, 94 S. Ct. 2437, 41 L. Ed. 2d 341 [1974]). Strope makes no claim that his situation involves a suspect class of individuals or a fundamental interest. As a result, in order to state a claim upon which relief can be granted, the actions by prison officials of which Strope complains must not be rationally related to a legitimate governmental objective. See *Barrett v. U.S.D. No. 259*, 272 Kan. 250, 256, 263, 32 P.3d 1156 (2001).

Here, Strope failed to state a claim under the Equal Protection Clause. In his petition, Strope never mentions how other similarly situated inmates were treated by prison officials. Thus, he pled no facts that would show a disparity of treatment. Without providing such information, Strope's petition failed to state a valid equal protection claim. Thus, the district court correctly dismissed Strope's petition in this regard.

Turning to Strope's due process claims, he again has failed to state a claim upon which relief can be granted. To have a valid due process claim, there must be a protected property or liberty interest at issue. *Village Villa v. Kansas Health Policy Authority*, 296

11

Kan. 315, 331, 291 P.3d 1056 (2013). On appeal, Strope is claiming he was deprived a protected property interest when prison officials removed his prison dog from his custody. But in his petition, Strope never argued the removal of his dog as a due process violation; he only claimed the prison removed his dog as a retaliatory act. Moreover, Strope's exhibits show that the prison never made the inmates the owners of the dogs. In fact, in his brief, Strope concedes that the inmates were granted temporary custody of the dog until the inmate left the program or the dog was adopted. Thus, Strope never acquired a protected property interest in the dog. Finally, Strope's exhibits show that prison officials removed his dog because he voluntarily left the program. For these reasons, the district court correctly dismissed Strope's due process claims.

*Miscellaneous issues*

Next, Strope claims that the district court incorrectly ruled that he failed to exhaust his administrative remedies. But although the district court questioned whether Strope had exhausted his administrative remedies, the district court did not dismiss the petition on this ground. Instead, the district court ruled that Strope failed to state any claim for which relief could be granted pursuant to K.S.A. 2017 Supp. 60-212(b)(6). Strope's argument on this issue is moot.

Finally, Strope claims that K.A.R. 44-15-102(d)(1), limiting a grievance to 10 pages, violates his rights of free speech and access to the courts. Again, the district court did not rule on this issue. In his petition, while only mentioning this claim a single time, Strope provides no explanation for why this 10-page limit is unconstitutional. Without providing facts to support this legal conclusion, Strope failed to state a claim upon which relief could be granted. See *Halley v. Barnabe*, 271 Kan. 652, 656, 24 P.3d 140 (2001).

Affirmed.